*Court of Common Pleas, Dauphin County, March 9th, 1868.*

## Harvey *v.* Earl.

It was agreed between plaintiff and defendant that an outstanding draft by the former on the latter, if paid, should be allowed as a credit upon an award of arbitrators.   The draft was paid, but the plaintiff refused to allow the credit.   *Held*, that the court had no power over the award, and could not allow the set-off.

By the Court.—The evidence shows that at the time of the hearing before the arbitrators, there was an outstanding order drawn by the plaintiff on the defendant, in favor of a third person; accepted and, in part but not wholly, paid; and that it was objected to by the plaintiff as a credit.   It was then agreed that, if paid thereafter, it should be allowed as a credit against the amount awarded.   The defendant proved that he has since paid and lifted the order, and demands the credit; but the·plaintiff refuses to allow it, insisting that the award is conclusive of the amount due, and being an appeal from the judgment of a justice, the defendant is forever barred from recovering anything on account of that payment.   This conduct appears to be very dishonest; but we have no control over the award, nor can we allow the set-off.   Awards under the compulsory arbitration law can

[Shartzer *v.* Rutter.]

only be set aside on account of corruption or misbehavior of the arbitrators, or undue means used in obtaining them.   This is merely a violation of a promise, and the only remedy of the party was an appeal.   It is probable that the defendant can yet have redress by an action to recover so much of the order as was paid by him since the award, as he had no right of action which could be set off until the order was paid.   If paid in part, he could have set it off, *pro tanto*, and that portion cannot be recovered.   If no part was paid to the holder of the order at the time of the award, the defendant can sue for and recover the whole, as it was not the lawful subject of set-off at the time of trial.   If the defendant had a judgment against the plaintiff for this money, we could direct it to be set off against that held by the plaintiff.   However unfair we may consider the conduct of the plaintiff in this case, we must not warp the law to give the defendant redress.   " Favorable cases make bad precedents " is a sound legal maxim.

The rule to show cause why the set-off should not be allowed is discharged.

*Smith, for plaintiff.*

*Fleming, for defendant.*